WALLACE, JUDGE:
These claims, which were consolidated for hearing, arise cut of an accident which occurred on March 23, 1980, on State Route 50, in Taylor County, West Virginia. Russell Heatherly, *418 an employee of Keller Industries, Inc., was driving a truck rented by Keller and owned by Ryder Truck Rental, Inc. Mr. Heatherly encountered a dropoff in the road, which caused the steering gear to break. Mr. Heatherly lost control of the truck and an oncoming vehicle was forced off the road, resulting in damage to both vehicles. An out-of-court settlement was reached between the driver of the other vehicle and claimant Keller Industries. Keller seeks $663.44 as the costs incurred in settling that suit. Claimant Ryder Truck seeks $9,261.63 for towing and repairs on the truck. The claimants allege that the respondent failed to adequately maintain the road and to warn travelers of the defective condition of the road. The respondent contends that a slide area exists in the vicinity of the accident which was not caused by any action or inaction on its part.
Mr. Heatherly testified that as he drove down Route 50, he encountered a “hump in the road” and then hit a rough spot which was six inches to a foot deep. He said that the only sign he could remember seeing was a curve sign. Mr. Heatherly stated that he drove back over this stretch of road two or three days later and observed new rough road signs.
John William Bishop, supervisor of the sign and paint shop in District 4, which includes Taylor County, testified that the signs on Route 50, in the area of the accident, were checked on January 3, 1980. At that time, hazard boards, rough road signs, and curve signs were in place. He said that while he had no personal knowledge that the signs were in place on March 23, 1980, there were no records of work being done on the signs after that date. Had a sign been removed or knocked down, his office would be aware of that fact within a day. A photograph taken on the day of the accident shows what appears to be a hazard paddle located near the site where the truck went off the road.
Barney Stinnett, a soils engineer employed by respondent, stated that the hillside above Route 50 is a deep slide area which was caused by strip mining. The magnitude of the slide involved is greater than any for which a slide correction has been attempted. Paul Curry, road maintenance supervisor *419 for Taylor County, testified that the area of Route 50 at the accident site is a trouble area. He estimated that the road could sag up to a foot within an hour. A maintenance log introduced into evidence showed numerous patching jobs on this stretch of road.
There can be no doubt that the stretch of Route 50 in question is a potential hazard due to its unstable condition. There is also no doubt that the respondent has monitored the road and placed signs warning of the danger. There is little else the respondent could do short of closing down the road or undertaking a massive correction project. The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645 (1947). For negligence of the respondent to be shown, proof of notice of the defect in the road is required. Davis Auto Parts v. Dept. of Highways, 12 Ct.Cl. 31 (1977). While the road is a potential danger, Mr. Heatherly testified that he had driven the road a “hundred” times before and knew the road was rough. Under the doctrine of comparative negligence, the Court is of the opinion that the negligence of the driver was equal to or greater than the respondent’s and disallows the claims.
Claims disallowed.